UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| PAUL MAAS RISENHOOVER,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE 3M CO., JOHN DOE ZHANG,<br>YING LIANG, and TODD JAGODZINSKI,<br><br>　　　　　Defendants. | Civil No. 07-4516 (JRT/FLN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he seeks leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

The complaint in this case is a scrambled collection of conspiracy allegations and unexplained citations to federal statutes. Plaintiff apparently believes that his ex-wife has organized a conspiracy to threaten and harass him, as part of a long-running child custody dispute involving their son. Plaintiff is now attempting to sue his ex-wife, Defendant Ying Liang, and her alleged co-conspirators, who are identified as (1) her boyfriend, Defendant John Doe Zhang, (2) her employer, the 3M Company, and (3) a Woodbury, Minnesota, police officer, Defendant Todd Jagodzinski.

The child who is the subject of the custody dispute apparently lives with Plaintiff's parents in Missouri. Plaintiff alleges that his ex-wife sent an e-mail to his parents, requesting that she be given custody of the child. The parents apparently refused that request, and there are no allegations suggesting that the child ever left Missouri. Plaintiff also alleges that his ex-wife asked a district attorney in Oklahoma to issue an arrest warrant for Plaintiff, but it is further alleged that the warrant was vacated before it was executed. No other specific facts are alleged in the complaint; the rest of the complaint consists of merely conclusory allegations, (which are largely incomprehensible).

Defendant 3M Company apparently is being sued because it is Plaintiff's ex-wife's employer, and allegedly allowed Plaintiff's ex-wife to use one of its computers to send the e-mail message to Plaintiff's parents. Defendant Todd Jagodzinski apparently is being sued because he allegedly failed to investigate some unexplained allegations of child abuse, (presumably involving Plaintiff's child who lives in Missouri). Defendant John Doe Zhang apparently is being sued for allegedly aiding the alleged conspiracy (by some unexplained means).

Plaintiff is seeking a judgment in this matter that would (1) "[d]eclare that [Defendant] Ying Liang is an unfit parent, and permanently end her parental relation to [her] minor child;" (2) "[s]ecure the status quo of the minor child, pending issuance of a passport and his emergent travel abroad to be with [Plaintiff] under a writ of habeas corpus directed to the Secretary of State to issue a passport to the minor child without parental signature;" (3) compensate Plaintiff "for all harms... by all the co-defendants;" (4) "appoint a guardian ad litem for the minor child;" (5) "establish a trust, with all the paternal uncles, aunts, and uncle in laws and aunts in law, as co-trustees for any funds for the minor child ordered by the

court;" and (6) initiate grand jury proceedings to prosecute alleged crimes committed by the various Defendants. (Complaint, pp. 10-11.)

## II. DISCUSSION

An IFP application will be denied and the action will be dismissed if the plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to secure some specific legal remedy against the named defendant(s), based on some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law") (emphasis added); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). See also Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

The Court finds Plaintiff's current complaint to be inadequate, because it does not present a clear and coherent description of specific facts, which, if proven true, would entitle Plaintiff to the relief he is seeking against Defendants. As noted above, Plaintiff's pleading includes only conclusory allegations, (i.e., that Defendants conspired to violate his legal rights and cause him harm). The vague allegations in Plaintiff's complaint do not show that he is legally entitled to terminate his ex-wife's parental rights to her child, or that

Plaintiff's son is entitled to any money that should be placed into a trust for his benefit, or that any of the Defendants should be brought before a federal grand jury, or that Plaintiff is entitled to any of the other relief he is seeking in this matter.

Because Plaintiff's complaint does not describe any specific acts or omissions by the named Defendants that would entitle him to the relief he is seeking, under any cognizable legal theory, he has failed to state a cause of action.  The Court therefore concludes that Plaintiff's IFP application must be denied, and this action must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1.  Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED;

2.  This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: November  14 , 2007

                                            s/ *Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **December 4, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.