**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| PAUL MAAS RISENHOOVER | Civil No. 07-4516 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| THE 3M COMPANY, JOHN DOE ZHANG, YING LIANG, and TODD JAGODZINSKI, | |
| Defendants. | |

Paul Maas Risenhoover, c/o Mrs. Carol Peihsuan Chen, Lin An Road, Section 2, Lane 143, Alley 80, #30, Tainan, Taiwan, plaintiff *pro se*.

Plaintiff Paul Risenhoover filed a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)(1). In a Report and Recommendation dated November 14, 2007, United States Magistrate Judge Franklin L. Noel recommended that this Court deny the motion and dismiss this action. Before the Court are plaintiff's objections to the Magistrate Judge's recommendation, which the Court has reviewed *de novo* pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). For the reasons discussed below, the Court adopts the Report and Recommendation and denies plaintiff's motion to proceed IFP.

## BACKGROUND

Plaintiff's complaint alleges that defendants engaged in a conspiracy to deprive plaintiff's minor child of his civil rights and his right to consortium with plaintiff in Taiwan.[1] It appears from the complaint that plaintiff's child lives with plaintiff's parents in Missouri. According to the complaint, plaintiff's ex-wife, defendant Ying Liang, sent by email an "extortionate threat" to the paternal grandparents requesting return of the child. (Compl. ¶¶ 1-2.) The parents apparently refused this request. In addition, plaintiff alleges that defendant Liang asked a district attorney in Oklahoma to file a criminal information and arrest warrant against plaintiff for "omission to provide necessary food, clothing or shelter to the minor child." (Compl. ¶ 1.)

According to the complaint, defendant 3M Company ("3M") participated in the conspiracy because defendant Liang, an employee of 3M, used 3M's corporate email system to send emails to the child's paternal grandparents. Finally, plaintiff alleges that the child suffered abuse "by and through" defendant John Doe Zhang, and that defendant Jagodzinski, a Woodbury police officer, failed to investigate these allegations.

Plaintiff seeks the following relief from this Court: (1) "[d]eclare that [defendant] Ying Liang is an unfit parent, and permanently end her parental relation to [her] minor child"; (2) "[s]ecure the status quo of the minor child, pending issuance of a passport and his emergent travel abroad to be with [plaintiff] under a writ of habeas corpus directed to the Secretary of State to issue a passport to the minor child without parental signature";

---

[1] The complaint is captioned as a "RICO Civil Complaint for Civil Rights Conspiracy, Assault, Battery through Arm Broken as a Hate Crime, Negligent Supervision, and Torture Based on Not Being Chinese Enough Due to Being Biracial." (Compl. at 1.)

- 3 -

(3) compensate plaintiff "for all harms . . . by all the co-defendants"; (4) "appoint a guardian ad litem for the minor child"; (5) "establish a trust, with all the paternal uncles, aunts, and uncle in laws and aunts in law, as co-trustees for any funds for the minor child ordered by the court"; and (6) initiate grand jury proceedings to prosecute alleged crimes committed by the various defendants. (Compl. at 8.)

## ANALYSIS

The Court may deny a motion to proceed IFP and dismiss the action if "the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996). Although federal courts must "view *pro se* pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) (stating that a district court is not required to assume facts that are not alleged in the complaint "just because an additional factual allegation would have formed a stronger complaint").

The Magistrate Judge found that the complaint was inadequate because it contained only conclusory allegations and failed to allege specific facts that, if proven true, would entitle plaintiff to the relief he seeks against defendants. The Court agrees. To the extent plaintiff alleges civil violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.*, the complaint fails to allege facts that state a claim as a matter of law. *See Federal Land Bank of Omaha v.* Gibbs, 809

F.2d 493, 496 (8th Cir. 1987) (holding that vague and conclusory allegations are insufficient to state a civil RICO claim).  To state a civil RICO claim, a plaintiff must establish "(1) the existence of an enterprise; (2) defendant's association with the enterprise; (3) defendant's participation in predicate acts of racketeering; and (4) defendant's actions constitute a pattern of racketeering activity." *United HealthCare Corp. v. Am. Trade Ins. Co.*, 88 F.3d 563, 570 (8th Cir. 1996).

The complaint alleges "receipt of extortionate proceeds" but fails to allege facts showing that the proceeds were induced by "wrongful use of actual or threatened force, violence, or fear, or under color of official right." *See* 18 U.S.C. §§ 1961(1), 1951(b)(2) (defining extortion as used in RICO's definition of racketeering activity).  In other words, the complaint pleads extortion as a conclusion without providing the requisite factual basis to establish extortion as a matter of law.  To the extent plaintiff alleges violations of, or threats to, his (or his child's) civil rights as "racketeering activity," the complaint fails to state a claim.  *See Bowen v. Oistead*, 125 F.3d 800, 806 (9th Cir. 1997) ("Civil rights violations and injury to reputation do not fall within the statutory definition of 'racketeering activity.'").

Moreover, the complaint fails to allege a "pattern" of racketeering activity because it does not allege facts showing predicate acts that "amount to or pose a threat of continued criminal activity." *Wisdom v. First Midwest Bank*, 167 F.3d 402, 406 (8th Cir. 1999).  A pattern requires a continuity of predicate acts, which can be either "closed-ended or open-ended." *Id.*  "Closed-ended continuity involves 'a series of related predicates extending over a substantial period of time;' open-ended continuity involves

acts which, by their nature, threaten repetition into the future." *Id.* (quoting *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 241-42 (1999)). The complaint appears to allege just one predicate act of extortion, consisting of the email sent by defendant Liang requesting the return of her child. (*See* Compl. ¶¶ 1-2.) *See* 18 U.S.C. § 1961(5) (a pattern of racketeering activity requires at least two acts of racketeering activity). Even reading the complaint to set forth two distinct predicate acts of extortion, however, the facts as alleged by plaintiff do not show that these acts extended over a substantial period of time, or that they threaten repetition in the future. For these reasons, the Court finds that the complaint does not allege specific facts that would entitle plaintiff to relief either under a civil RICO action or under any other cognizable legal theory.

Moreover, the relief sought by plaintiff effectively requests a judicial determination of parental rights and the child's custody status. "While rare instances arise in which it is necessary to answer a substantial federal question that transcends or exists apart from the family law issue, *see, e.g.*, *Palmore v. Sidoti*, 466 U.S. 429, 432-34 (1984), in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004). This Court does not have power to provide the relief sought by plaintiff, and plaintiff's request is more appropriately directed to the state court with jurisdiction over this matter. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992).

In sum, the Court finds that the complaint fails to allege facts that state a cause of action either under civil RICO or under some other legal theory. The Court therefore denies plaintiff's motion to proceed IFP and dismisses this action.

- 6 -

**ORDER**

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Dockets Nos. 4, 5] to the Magistrate Judge's and **ADOPTS** the Report and Recommendation dated November 14, 2007 [Docket No. 3]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Application to Proceed *in forma pauperis* [Docket No. 2] is **DENIED**.

2. This action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is respectfully **DIRECTED** to mail a copy of this Order to plaintiff.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: January 14, 2008                    s/John R. Tunheim
at Minneapolis, Minnesota.              JOHN R. TUNHEIM
                                                           United States District Judge